DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 5:06 CR 239 |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Delores Borquez Willis, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The sentencing of defendant is scheduled for February 27, 2008. The sentencing hearing will be conducted against the backdrop of recent decisions by the United States Court of Appeals for the Sixth Circuit in *U.S. v. Vowell*, – F.3d – , 2008 WL 220430 (6th Cir. 2008)(decided January 29, 2008), and the subsequent *en banc* decision in *U.S. v. Vonner*, – F.3d –, 2008 WL 320773 (6th Cir. 2008)(decided February 7, 2008).

The *Vowell* decision once again indicates that district courts must give adequate notice of an intention to either depart or vary. The obvious difficulty of advance notice with respect to variance is the fact that the Court has not had the benefit of any argument from either the government or the defendants as to why it should vary from the calculated advisory guidelines.

The *en banc* decision in *Vonner* consists of the decision by Judge Sutton and dissents by Judge Martin, Judge Clay and Judge Moore. The dispute in the *en banc* decision is whether the district court adequately explained his sentencing decision, which was within the advisory guidelines. In his eloquent dissent, Judge Martin makes it clear that the district court should not be bound by the advisory guideline calculation, but may decide to sentence above, below or

(5:06 CR 239)

within the guideline calculation after considering the commentary from the parties with respect to an appropriate sentence.

As the Court does not have sentencing memorandum from counsel for the defendant, it is impossible to determine ahead of time whether the Court should consider a downward variance. Likewise, the Court does not have a sentencing memorandum from the government suggesting an upward variance. Finally, there may be disputes as to the calculation of the advisory guideline which would then arguably make relevant a claim for either an upward or downward variance.

Against that background, the Court hereby puts the parties on notice that at the sentencing hearing, after determining the advisory guideline range and considering in advance the arguments by counsel for either an upward or downward variance, the Court may consider a downward variance if it concludes that the lowest sentence on the advisory guideline calculation is too harsh, or alternatively, may consider an upward variance if it determines that the highest sentence under the guideline range as calculated is too lenient.

Counsel may, but are not required to, file sentencing memorandum. Memorandum should be filed at least seven (7) days before the sentencing hearing.

IT IS SO ORDERED.

|   February 13, 2008   | *S/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |